IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMILLAH HARRIS,** | CIVIL ACTION |
| v. | |
| | No. 22-cv-3460 |
| **ELI LILLY PHARMACEUTICALS** | |

## MEMORANDUM

**Perez, J**                                                                                                         **March 12, 2024**

Pro se Plaintiff, Jamillah Harris, brings the present action against Defendant Eli Lilly Pharmaceuticals[1] ("Eli Lilly") alleging that her use of the prescription drug, Zyprexa, interrupted her menstrual cycle. In her handwritten complaint, Plaintiff also alleges that: Zyprexa is being "illegally sold" by Defendant. She adds further that she has spent considerable time researching alternative medications. Presently before the Court is Defendant's Motion to Dismiss (ECF No. 6) and Plaintiff's Response in Opposition (ECF No. 10). Eli Lilly argues Plaintiff's complaint should be dismissed: (1) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted; and (2) pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. For the reasons set forth below, Defendant's motion will be granted.

   A.  **Sufficiency of Plaintiff's Complaint**

Plaintiff initiated this action in the Court of Common Pleas in Philadelphia. Defendant removed the matter to federal court under diversity of citizenship jurisdiction. The Complaint in its entirety states:

---

[1] Plaintiff incorrectly identifies the corporate entity she is suing. "Eli Lilly and Company" is the correct name.

"I'm currently attending outpatient therapy for depression diagnosis at Serenity Safe Haven Outpatient. This office prescribed me Zyprexa medication that stopped my menstraul [sic] period until I disreguarded [sic] use. I then did research on the medication that indicated Zyprexa is being illegally sold and theres [sic] been lawsuits against Eli Lilly Pharmaceuticals for selling this drug. I also want to file a lawsuit against this company for selling a [sic] illegal drug, and being prescribed this medication that stopped my monthly period. I now have to do research on other drugs thats [sic] not illegally being sold to cope with my depression, that will not stop my monthly cycle until I disreguard [sic] use."

ECF No 1 at 12. Federal Rule of Civil Procedure 12(b)(6) requires the court to determine whether the plaintiff's complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* When evaluating such a motion, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As Plaintiff Harris is proceeding pro se, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (noting that liberal construction of pro se pleadings is "driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir.2006)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). Plaintiff must plead facts to show how Defendant was involved in the facts and circumstances giving rise to her claims, and what those claims specifically are.

While Plaintiff clearly articulates the harm she is alleging, her complaint is devoid of any facts surrounding her treatment with Zyprexa. This Court has no understanding of when, by whom, and for how long she was prescribed the drug. There is no indication of whether she was warned of any side effects either through her treating physician or Defendant. As Defendant points out, the Court cannot even be sure that it was indeed Zyprexa that was prescribed and used by Plaintiff and not "its much more commonly prescribed generic formulation (olanzapine), which Lilly does not manufacture and which has been available since 2011." ECF No. 6 at 4. Plaintiff also fails to explicitly plead the basis for her cause of action. She indicated "medical malpractice" on her civil cover sheet, but her claims appear to be more akin to a products liability case. The Court is left guessing whether Plaintiff is alleging a manufacturing, design, or warning defect, or some other tort altogether.  In short, the Court does not have enough information to conclude that Plaintiff has made out a plausible claim for relief.

B.  **Service of the Complaint**

Pursuant to Federal Rule of Civil Procedure 12(b)(5), an action may be dismissed on the basis of insufficient service of process. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). A court generally does not have jurisdiction over a defendant if there has been insufficient process or service of process. *Id.*

"A district court's power to assert *in personam* authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4." *Grand Entm't Group, Ltd.*, 988 F.2d 476, 492 (3d Cir. 1993) ("Proper service is still a prerequisite to personal jurisdiction.").

In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made. *Reed v. Weeks Marine, Inc.*, 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001) (citing *Grand Entm't*, 988 F.2d at 488-89). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) requires that service be completed within 90 days after the complaint is filed or the court must dismiss the case without prejudice. Fed. R. Civ. P. 4(m). In addition to the time limits for service of process, Rule 4 sets forth the specific requirements for the manner of service which differ depending on the entity sued.

Plaintiff attempted service via certified mail, as is allowed under Pennsylvania Rule of Civil Procedure 403, however, her Affidavit of Service does not include a signed return receipt as required by Pa. R. Civ. P. 405(c) or otherwise demonstrate that service was made upon a proper agent of Lilly. Def. Ex. B, Affidavit of Service. Because there is no evidence in the record that Plaintiff effectuated service of process in compliance with Pennsylvania requirements, her Complaint is also properly dismissed under Fed. R. Civ. P. 12(b)(5).

### C. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is granted and the Plaintiff's complaint is dismissed. An appropriate order to follow.